UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WARREN TAYLOR YEAKEY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05598 BJR<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: July 11, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 11, 18, 19).

After considering and reviewing the record, the Court finds the ALJ failed to provide specific and legitimate reasons to discount the medical opinions of Dr. Tracy Gordy, Dr. Hui Wang, and Dr. Erum Khaleeq. Because these were not harmless errors,

this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, WARREN TAYLOR YEAKEY, was born in 1972 and was 34 years old on the alleged date of disability onset of November 16, 2006 (*see* Tr. 124). Plaintiff obtained his GED and was in special education classes throughout his schooling (Tr. 564). He has taken a program for "hazmat" and environmental cleanup (*Id.*). Plaintiff has work experience as a heavy equipment operator, industrial truck operator, groundskeeper, and tower crane operator (Tr. 572, 633). Plaintiff has not worked since the accident in November 2006, when he fell 200 feet from the collapsing tower crane he was operating (Tr. 612, 639). At the time of the last hearing, plaintiff was living with his wife and four children (Tr. 562).

Through the date last insured, plaintiff had at least the severe impairments of "degenerative disc disease and sprain of the cervical spine and lumbar spine; depressive disorder not otherwise specified with symptoms of post-traumatic stress disorder (20 CFR 404.1520(c))" (Tr. 513).

## PROCEDURAL HISTORY

Plaintiff explains the procedural history as follows:

> On 1/10/08 plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act. Ar. 510. This application was denied initially and upon reconsideration and a hearing request was timely filed. *Id.* The hearing was held on 1/15/10 before an ALJ and a supplemental hearing was held before an ALJ on 5/7/10. Ar. 510. Following the hearings, the ALJ authored a decision denying claimant's applications on 7/15/10. Ar. 9- 22. Plaintiff timely sought

review by the Appeals Council which was denied and plaintiff initiated suit to this Court which was assigned Cause No. 3:11-CV-05272-KLS. Ar. 601-603. On 11/17/11 this Court remanded the case for further administrative proceedings. *Id.*

On 1/8/13 a supplemental hearing was held before an ALJ. *Id*. This resulted in an unfavorable decision dated on 5/13/13. Ar. 507- 528. Plaintiff did not file written exceptions and the Appeals Council did not review the case. Thus the ALJ's decision became final by operation of law. Thereafter, plaintiff timely initiated suit in this Court.

Plaintiff's Opening Brief (ECF No. 11, pp. 1-2).

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2013 (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on September 27, 2014 (*see* ECF Nos. 8, 9).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ erred in rejecting the medical opinions of Tracy Gordy MD; Hui Wang MD; and Erum Khaleeq MD; and (2) Whether or not the ALJ's errors were harmless (*see* ECF No. 11, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Did the ALJ err in rejecting the medical opinions of Tracy Gordy MD; Hui Wang MD; and Erum Khaleeq MD?**

### a. Tracy Gordy MD – Non-examining Provider

Dr. Tracy Gordy testified as a reviewing medical expert at plaintiff's hearing on January 8, 2013 (*see* Tr. 534, 539). Dr. Gordy testified that, based on his review of the record, plaintiff met listing 12.04C and equaled listing 12.06 as of March 2009 (Tr. 541, 545-46; 20 C.F.R. pt. 404, subpt. P, app. 1, 12.04 & 12.06). Dr. Gordy further testified that plaintiff would be limited to work involving only simple, repetitive tasks, with limited to no interaction with the public, and would need "a great deal of understanding from an employer to his authority position over him about his ability to perform tasks on a timely basis." (Tr. 550-51). Further, Dr. Gordy found plaintiff would need frequent breaks due to his concentration difficulties (*see* Tr. 551). When questioned about this by the ALJ, Dr. Gordy testified that plaintiff would likely need fifteen to twenty minute long breaks every thirty to sixty minutes (Tr. 552).

At step three of the sequential evaluation, the ALJ failed to adopt Dr. Gordy's opinion about plaintiff meeting or equaling a listing, finding it unsupported by objective evidence and based on plaintiff's subjective complaints (*see* Tr. 514). The ALJ noted that plaintiff's failure to seek mental health treatment undermined the credibility of his subjective complaints (*id.*). Specifically regarding listing 12.04 part C, the ALJ found Dr. Gordy's opinion to be inconsistent with the record because plaintiff had no episodes of decompensation and because plaintiff was "able to go fishing, shopping for groceries, purchase coffee, attend doctors' appointments, and attend multiple administrative hearings." (Tr. 516). The ALJ discussed Dr. Gordy's opinion again later in his decision

noting that plaintiff's "lack of treatment evidence is inconsistent with the prediction that an increase in mental demands would lead to episodes of decompensation." (Tr. 526).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews, supra*, 53 F.3d at 1041). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion'") (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Plaintiff argues the ALJ failed to provide adequate reasons supported by substantial evidence to discounting Dr. Gordy's opinions. This Court agrees.

First, the ALJ discredited Dr. Gordy's opinion finding it unsupported by objective evidence and based merely on subjective complaints (Tr. 514). "A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. *Morgan, supra,* 169 F.3d at 602 (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (*citing Brawner v. Sec. HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))). However, the ALJ's conclusion that Dr. Gordy's opinion was based to a large extent on plaintiff's subjective statements is not supported by substantial evidence in the record.

Dr. Gordy testified at the start of plaintiff's hearing and was dismissed prior to plaintiff testifying, so he was not privy to any of plaintiff's statements made at the hearing (Tr. 537-53). Further, Dr. Gordy testified that he reviewed the F section of the record, which contains only medical records (Tr. 540). Because of this, Dr. Gordy did not have access to plaintiff's testimony at his prior hearings, or his statements made in forms such as the function report, which were in a different section of the record (*id*.). Dr. Gordy also only cites to exhibits from the F section to support of his opinion, further demonstrating that he based his opinion on the medical record, not plaintiff's subjective statements. (Tr. 541-53). The only subjective statements the ALJ could be referring to would be plaintiff's statements to medical providers that were recorded in the medical record. The very nature of mental impairments requires doctors to rely, at least in part, on subjective complaints. However, Dr. Gordy reviewed the entire record, including multiple psychological evaluations which included testing and clinical observations from other medical professionals (Tr. 316-34, 456-92, 541-53, 730-37). The ALJ's conclusion that Dr. Gordy's opinion was based to a large extent on subjective complaints is not supported by substantial evidence.

The ALJ also discredits Dr. Gordy's opinion based on plaintiff's failure to seek mental health treatment (Tr. 514, 526). According to the Ninth Circuit, "the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of claimant's condition is inaccurate." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). The court noted that "it is common knowledge that

depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness." *Id.* (citation omitted); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).  Further, Dr. Gordy testified that the record showed plaintiff did participate in mental health treatment and was taking psychiatric medications (Tr. 546).  The record also demonstrates that plaintiff's mental health treatment was discontinued due to a loss of insurance once his labor and industries claim was settled (Tr. 489).  While plaintiff's limited mental health treatment may properly detract from plaintiff's credibility, substantial evidence does not support a finding that Dr. Gordy's opinion was based to a large extent on plaintiff's subjective complaint.  Therefore, plaintiff's lack of treatment is not a legitimate reason to discount Dr. Gordy's opinion which was based on a thorough review of the record.

In regards to Dr. Gordy's testimony that plaintiff meets listing 12.04, the ALJ listed plaintiff's lack of episodes of decompensation as a reason to discredit this opinion (Tr. 516).  Dr. Gordy opined that plaintiff met listing 12.04C2, which requires "[a] residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate."  (20 C.F.R. pt. 404, subpt. P, app. 1, 12.04).  This listing does not require plaintiff to have actually had an episode of decompensation, so plaintiff's lack of such an episode is not inconsistent with Dr. Gordy's opinion.  The ALJ further lists some of plaintiff's activities to support his conclusion that plaintiff does not

meet this listing (Tr. 516).  However, these minimal activities alone do not constitute substantial evidence to discredit Dr. Gordy's opinion.

While the ALJ specifically addressed Dr. Gordy's opinion regarding plaintiff's listing level impairments, the ALJ failed to address Dr. Gordy's opinion regarding plaintiff's residual functional capacity.  The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))).  The ALJ made a broad statement that Dr. Gordy's entire opinion was being discredited because plaintiff's lack of treatment is inconsistent with the opinion that an increase in mental demands would lead to episodes of decompensation (Tr. 526).  As stated above, plaintiff's lack of treatment is not an adequate reason to discredit Dr. Gordy's opinion.  Further, based on the language used, it appears the ALJ was again speaking to listing 12.04, and not to the remainder of Dr. Gordy's opinion, specifically that plaintiff would need breaks every thirty to sixty minutes (Tr. 552).  Defendant argues that the ALJ was not required to address this opinion because Dr. Gordy stated it was based on his supposition (*Id.*).  However, this argument fails, as it is both improper post-hoc rationalization, and because all medical opinion is essentially supposition which is based on medical expertise.  *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012).

The ALJ failed to properly evaluate all of the opinions from Dr. Gordy and the ALJ's reasons for discrediting part of Dr. Gordy's opinion regarding the listings were not supported by substantial evidence.

### b. Hui Wang, MD – Treating Provider

Dr. Wang completed an evaluation of plaintiff as part of plaintiff's discharge from a pain management program (Tr. 464-70).  Dr. Wang opined plaintiff could sit for fifteen to twenty five minutes at one time, stand for one and a half minutes, walk for ten minutes, and lift nine pounds overhead and up to waist/knee level and zero pounds from the floor (Tr. 465).  The ALJ gave this opinion little weight stating that it is "inconsistent with the opinions of medical experts including Drs. Newman and Hoskins."  (Tr. 525).  Plaintiff argues that even if Dr. Wang's opinion conflicts with other opinions, this is not, in of itself, sufficient to discredit the opinion.  This Court agrees.

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant.  *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (*citing Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

Here, the ALJ's only stated reason to discredit Dr. Wang's opinion was that it conflicts with two non-examining providers (Tr. 525). This alone is not a specific and legitimate reason to discredit the opinion. First, the opinions from Dr. Hoskins and Dr. Newman conflict with each other. The ALJ accorded only some weight to the opinion of Dr. Hoskins, so it is unclear why an inconsistency with this opinion would justify discrediting Dr. Wang's opinion (Tr. 523). The ALJ afforded great weight to Dr. Newman's opinion finding it consistent with the objective findings, but does not identify what specific findings, other than mentioning "imaging" (Tr. 522). Even if the Court infers that the ALJ found Dr. Wang's opinion to be unsupported by the record, the ALJ's decision does not provide any explanation to support this conclusion. Stating that Dr. Wang's opinion is contradicted is not a specific and legitimate reason to discredit the opinion. As such, the ALJ committed legal error.

### c. Erum Khaleeq MD – Examining Provider

Dr. Khaleeq performed a psychological evaluation of plaintiff on July 21, 2012 (Tr. 730-37). Dr. Khaleeq diagnosed plaintiff with depression due to general medical condition and post traumatic stress disorder, and she measured his GAF score at 50 (Tr. 736). Dr. Khaleeq opined plaintiff would be distractible when trying to perform complex and repetitive tasks, would have difficulty interacting with supervisors and coworkers, may not be able to perform work activities on a consistent basis, and may have difficulty maintaining regular attendance (Tr. 737). The ALJ gave this opinion little weight because it was "based on only a snapshot of claimant's functioning," because it was inconsistent with plaintiff's social functioning abilities, and because it was inconsistent with Dr. Miller's opinion (Tr. 526). Plaintiff argues these were not specific and legitimate reasons to discredit the opinion (ECF No. 11, pp. 8-10). This Court agrees.

Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

While it is true that Dr. Khaleeq only evaluated plaintiff one time that is not a specific and legitimate reason for rejecting the opinion. By definition, an examining doctor, like Dr. Khaleeq, does not have a treatment relationship with the claimant and usually only examines claimant one time (*see* 20 C.F.R. § 404.1527). When considering an examining physician's opinion, especially when compared to other examining physician opinions, it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions.

Further, The ALJ's other stated reason to discredit this opinion is that it was inconsistent with the opinion of Dr. Miller, another provider who evaluated plaintiff only one time (Tr. 456-63, 526). The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). However, as discussed earlier, the ALJ must provide specific and legitimate reasons for giving an opinion less weight, not just state than a conflict exists between two opinions.

The ALJ does point out inconsistencies between claimant's social functioning and the opinion of Dr. Khaleeq.  However, the ALJ found plaintiff to have fairly limited social functioning in his RFC finding by limiting plaintiff to occasional contact with coworkers and supervisors and no contact with the general public (Tr. 516).   This seems to imply the ALJ actually agreed with Dr. Khaleeq's opinion regarding plaintiff's limited social functioning, thus detracting from the ALJ's argument that there was some inconsistency between plaintiff's activities and the opinion.  Further, Dr. Khaleeq opined limitations in areas other than social functioning, such as in plaintiff's ability to perform work activities on a consistent basis or maintain regular attendance (Tr. 737).  The ALJ does not explain what, if any, relation these limitations have to plaintiff's social activities.  Any perceived inconsistency regarding social functioning is not a specific and legitimate reason to discredit all of Dr. Khaleeq's opinions.

The ALJ's reasons to discredit Dr. Khaleeq's opinions were not specific or legitimate and they were not supported by substantial evidence.  As such, the ALJ erred.

**(2) Were the ALJ's errors harmless?**

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

(*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, had the opinions of Dr. Gordy, Dr. Wang, or Dr. Khaleeq been fully adopted, the ultimate disability determination would have changed. Had Dr. Gordy's opinion been adopted, plaintiff would have been found disabled at step three of the sequential evaluation. Further, based on the vocational expert testimony regarding employer tolerance for additional breaks, as opined by Dr. Gordy, and below average pace, as opined by Dr. Khaleeq, plaintiff would have been found unable to perform competitive work at step five (Tr. 552, 574-75, 737). As such, the ALJ's failure to properly evaluate these medical opinions was harmful error.

## CONCLUSION

The ALJ failed to provide specific and legitimate reasons supported by substantial evidence to discredit three medical opinions that may have changed the disability determination.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 11**,** 2014, as noted in the caption.

Dated this 10th day of June, 2014.

J. Richard Creatura
United States Magistrate Judge